UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 OCT 31  P 2: 36

Julian Edward Rochester, # 171519,  ) C/A No. 2:05-3033-HMH-RSC
)
       Petitioner,  )
)
vs.  )
)
United States of America,  )
)  **ORDER**
)  [*Pre-Filing* Review]
       Respondent.  )
)
)
)
)

# Background of this Case

The *pro se* petitioner is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections (SCDC). The petitioner is serving an "active" sentence of fifty (50) years entered in the Court of General Sessions for Oconee County in October of 1990. The petitioner was found guilty of first-degree criminal sexual conduct, four counts of second-degree criminal sexual conduct, third-degree criminal sexual conduct, and assault and battery of a high and aggravated nature.

The petitioner is under an order of pre-filing review. *See* <u>Graham v. Riddle</u>, 554 F.2d 133, 134-135 & n. * (4th Cir. 1977). *See also* Order of January 29, 1996, in the matter entitled <u>In Re: Julian Edward Rochester</u>, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

The pleadings in the above-captioned case were received by the Clerk's Office in Florence and forwarded to the Intake Section of the Clerk's Office in Columbia for processing. Since the petitioner is under an order of pre-filing review, the Office of the Clerk of Court requested judicial authorization for the Clerk's Office to assign a civil action number. On October 20, 2005, the undersigned, by letter, authorized the Clerk's Office to assign a civil action number. The letter authorizing assignment of a civil action number is on the left side of the case folder.[1]

In the above-captioned case, the petitioner is not challenging the 1990 convictions for which he is presently incarcerated. Rather, the petitioner is seeking a writ of habeas corpus relief for matters pertaining to a federal criminal investigation of the petitioner. Although the petition is styled as a

---

[1] The Office of the Clerk of Court has implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

2

Motion for Fast and Speedy Trial under 28 U.S.C. § 2254, 28 U.S.C. § 2255, and 18 U.S.C. § 3006A, it is readily apparent that the petition is not a Section 2254 or Section 2255 petition because the petitioner has not been charged with a crime in any federal court. Hence, the Office of the Clerk of Court is directed to docket the pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241.[2] In the event that a limitations issue arises in the above-captioned case, the petitioner will have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988). The Houston v. Lack "delivery" date of the petition in the above-captioned case is October 11, 2005. When docketing this case, the Office of the Clerk of Court should enter as parties the persons whose names appear in the caption of this order.[3] Authorization for the petitioner to proceed *in forma pauperis* is **granted.**

---

[2] The petitioner has brought this action in the District of South Carolina because he is confined in the District of South Carolina. Rumsfeld v. Padilla, 72 U.S.L.W. 4584, 159 L.Ed.2d 513, 124 S.Ct. 2711, 2004 U.S. LEXIS® 4759 (2004); al-Marri v. Rumsfeld, 360 F.3d 707, 2004 U.S.App. LEXIS® 4445 (7th Cir.), *cert. denied*, 73 U.S.L.W. 3205, 160 L.Ed.2d 11, 125 S.Ct. 34, 2004 U.S. LEXIS® 5524 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-500 (1973); Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979); and Cox v. Federal Bureau of Prisons, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981). The petitioner had earlier brought a § 2241 action in the Middle District of North Carolina, Civil Action No. 1:05-CV-811 (M.D.N.C.), which was dismissed because it had been filed in the wrong judicial district.

[3] The entity listed by the petitioner in the caption of the complaint as the "United States Government" is obviously the United States of America.

3

The petitioner, who states that he is under federal criminal investigation for threatening to kill the President of the United States, was interviewed by two agents of the Department of Homeland Security for forty-five (45) minutes on September 9, 2005. A search of the federal court criminal filings database on the LEXIS® service reveals that the petitioner has no pending criminal charges pending in any United States District Court as of October 26, 2005.

# Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996);

Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[4] This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.

---

[4]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

5

<u>Weller v. Department of Social Services</u>, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

A search of records on LEXIS® service shows that the petitioner is incarcerated on his 1990 convictions, not on any pending criminal charges:

\*\*\* THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY \*\*\*
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
SOUTH CAROLINA INMATES

Name: ROCHESTER, JULIAN EDWARD

\* \* \*

\*\*\*\*\* SENTENCE INFORMATION \*\*\*\*\*

Inmate Number: 00171519
County of Conviction: OCONEE
Location: LEE CORR INST
Offense: CRIM SEX COND W/MINOR(1ST
Sentence Length: 50 YEARS
Sentence Total: 50 YEARS
Sentence Begin Date: 10/23/1990
Parole Date: 10/25/2020
Sex Offender Registration Required: YES
Inmate Status: INCARCERATED

(South Carolina Inmate Database on the LEXIS® service, October 26, 2005).[5]

---

[5]In accordance with the privacy policy of the Judicial Conference of the United States, the undersigned has omitted certain personal information from this download to protect the petitioner's privacy. Court records, including this order, are retrievable by the public from the court's Case Management-Electronic Case Filing System (CM-ECF).

It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c); and <u>Pringle v. Court of Common Pleas</u>, 744 F.2d 297, 300 (3rd Cir. 1984), which relies on an earlier case, <u>Carafas v. La Vallee</u>, 391 U.S. 234, 238 (1968). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. <u>Carafas v. Vallee</u>, <u>supra</u>. Since the petitioner has not been charged with a state or federal crime arising out of his alleged threats to kill the President of the United States, he is not "in custody" on the potential state or federal charges.

Since no criminal case has been filed in state or federal court, the motion for a speedy trial is not yet ripe. *See, e.g.*, <u>Lake Carriers Ass'n v. MacMullan</u>, 406 U.S. 498, 506 (1972). *Cf.* <u>Valley Forge Christian College v. Americans United for Separation of Church & State</u>, 454 U.S. 464, 482 (1982)(for a plaintiff to have standing, the injury must have resulted from the defendant's or defendants' actions). Secondly, the speedy trial provisions of the Sixth Amendment are not triggered until "arrest, indictment, or other official accusation." <u>Doggett v. United States</u>, 505 U.S. 647, 655, 112 S.Ct. 2686, 120 L.Ed.2d 520, 1992 U.S. LEXIS® 4362 (1992).

The Federal Speedy Trial Act requires that a defendant be tried within seventy (70) days of indictment or of the day that the defendant first appears before the judge or magistrate, whichever is later. 18 U.S.C. § 3161(c)(1). Since the petitioner has not been indicted for, or charged with, a federal crime, the Federal Speedy Trial Act is not applicable. In other words, absent an official accusation or arrest, pre-indictment delay will not trigger the protections of the Sixth Amendment right to a speedy trial or the provisions of the Federal Speedy Trial Act. Margroff v. Anderson, 1999 U.S. App. LEXIS® 787, 1999 WESTLAW® 71576, 172 F.3d 873 [Table] (6th Cir., January 14, 1999)("Thus, unless a putative defendant is under arrest or is otherwise officially accused, pre-indictment delay will not trigger the protections of the Sixth Amendment.").

The petitioner is not entitled to appointment of counsel in the above-captioned case. Jackson v. James Ludvick, P.O., 1995 U.S.Dist. LEXIS® 1090, *1, 1995 WESTLAW® 42256, *1 (S.D.N.Y., February 2, 1995)(motion for appointment of counsel denied because case was subject to summary dismissal).

The petitioner is a *pro se* litigant. His attention is directed to the following important notice:

## TO THE PETITIONER:

You are ordered to always keep the Clerk of Court advised in writing **(Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address. Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

The petitioner is, hereby, informed that if his address changes in the future, he must provide *his* prison or jail address (or his new address if he is released from jail or prison). Hence, the Office of the Clerk of Court shall not enter any change of address submitted by the petitioner which directs that mail be sent to a person other than the petitioner (unless, of course, that person is an attorney admitted to practice before this court who has entered a formal appearance).

(Standard change of address order, which is issued in all *pro se* cases in the District of South Carolina).[6] For the petitioner's future reference, if the

---

[6]The first two paragraphs of the standard change of address order were adopted by the
(continued...)

petitioner wants copies (of items that he files with the Clerk of Court) returned to him, he (the petitioner) must provide the copies and a self-addressed envelope with sufficient postage attached to the envelope.

On March 4, 2002, the Clerk's Office of this court began "scanning" all pleadings into the Court's image retrieval system. In February of 2005, the United States District Court implemented the Case Management-Electronic Case Filing System (CM-ECF). To facilitate future scanning in the above-captioned case or in future cases filed by the petitioner, **the petitioner is directed to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.**[7] The petitioner is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

---

(...continued)
United States District Judges of this court in the autumn of 1992. The language in those two paragraphs takes into account two unpublished opinions of the Court of Appeals concerning change of address orders issued by district courts: Brandon v. Marsh, 942 F.2d 48, 1991 U.S.App. LEXIS® 19776, 1991 WESTLAW® 164880 (4th Cir., August 26, 1991); and Snyder v. Hopkins, 888 F.2d 1387, 1989 U.S.App. LEXIS® 16051, 1989 WESTLAW® 126742, 15 Fed.R.Serv. (Callaghan) 238 (4th Cir., October 20, 1989).

[7]Pursuant to Section 205 of the E-Government Act of 2002, Pub. L. 107-347, December 17, 2002, 111 Stat. 2899, this court has implemented Case Management-Electronic Case Filing (CM-ECF). For this purpose, *pro se* filings are scanned to create electronic docket records. Therefore, the use of only one side of a sheet of paper is required. Also, double-sided pages are difficult to "scan" into the CM-ECF system.

The petitioner has also reiterated his request to recuse the undersigned magistrate judge, the Honorable Henry M. Herlong, Jr., United States District Judge, and the Honorable William B. Traxler, Jr., United States Circuit Judge. It is well-settled that the judicial notice of prior civil cases or criminal cases is not a basis for recusal. Bolin v. Story, 225 F.3d 1234, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000)(knowledge from prior judicial proceeding not basis for recusal). Insofar as the petitioner's motion pertains to this district court, the petitioner's request for recusal is **denied**.[8]

# Conclusion

The above-captioned case is, hereby, dismissed *without prejudice* and *without requiring the respondent to file a return* because the petitioner is not "in custody" on the potential criminal charges and the case is not yet ripe. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); Toney v. Gammon, 79 F.3d 693, 697, 1996

---

[8]This district court is without jurisdiction to consider any recusal motions pertaining to Judge Traxler. Insofar as Judge Traxler is concerned, the petitioner's motion for recusal has been filed in the wrong court.

11

U.S.App. LEXIS® 5804 (8th Cir. 1996)("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); Baker v. Marshall, 1995 U.S.Dist. LEXIS® 4614, *2-*3, 1995 WESTLAW® 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The Clerk of Court is directed to keep this case "open" until the ten-day period for the petitioner to file a timely appeal to a United States District Judge has expired. The Office of the Clerk of Court is directed *not* to authorize the issuance and service of process in the above-captioned case, unless it (the Office of the Clerk of Court) is instructed by a United States District Judge or a Senior United States District Judge to do so.

If the petitioner does not file a timely appeal from this order, the Clerk of Court *shall*, then, "close" the above-captioned matter.[9] If the petitioner files

---

[9] This Graham v. Riddle procedure of closing the case – unless the plaintiff or petitioner files an appeal to a United States District Judge – eliminates the need for a United States District Judge to review frivolous or repetitive pleadings. Even so, if the petitioner files an appeal, **the petitioner will be entitled to *de novo* review**. See 28 U.S.C. § 636(b). See also General Order filed in Misc. No. 4:96-MC-38-2 on June 20, 1996, at Part VII:

(continued...)

a timely appeal from this order, the above-captioned matter should be forwarded to the Honorable Henry M. Herlong, Jr., United States District Judge, for a final order. The petitioner's attention is directed to the important notice at the bottom of this page.

IT IS SO ORDERED.

October 3/, 2005  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

## Notice to the Petitioner

The order in the above-captioned matter **(Civil Action No. 2:05-3033-HMH-RSC)** is reviewable **only by a United States District Judge, if a timely appeal is filed.** Under Fed. R. Civ. P. 72(a), the time period for filing an appeal is **ten (10) days**. If the petitioner files an appeal, it should be sent to the following address:

**Larry W. Propes, Clerk of Court**  
**United States District Court**  
**Post Office Box 835**  
**Charleston, South Carolina 29402-0835**

---

(...continued)

VII

This General Order does not affect the procedure for handling pleadings submitted by prisoners who have been placed under a standing order of pre-filing review. *See, e.g.,* Graham v. Riddle, 554 F.2d 133 (4th Cir. 1977). The Magistrate Judge may enter an initial order in the Graham v. Riddle review. The litigant will have ten (10) days to appeal a Magistrate Judge's order to a District Judge in a Graham v. Riddle review, and, thereby, obtain *de novo* review.